
18-SW-2068DPR

## Affidavit of Matthew Murrow, United States Postal Inspector

I, Matthew Murrow, being first duly sworn on oath, state as follows:

1. I am a U. S. Postal Inspector with the U. S. Postal Inspection Service (USPIS), and I have been so employed since April 2008. Prior to that, I was a police officer for 13 years and was involved in numerous investigations, including narcotics investigations. I am currently assigned to the Springfield, Missouri, Domicile of the Postal Inspection Service and have experience enforcing federal mail and drug laws. This affidavit is based on my own personal knowledge and information given to me by other Postal Inspectors and other law enforcement personnel.

2. I received basic training for approximately 12 weeks from the U.S. Postal Inspection Service regarding individuals using the U.S. Mail to transport controlled substances and proceeds from the sale of controlled substances as well as the use of Postal Money Orders to launder the proceeds of controlled substances. I received formal training for one week in September 2011 when I attended the USPIS Narcotics training course in Potomac, Maryland. This training involved narcotic investigation techniques, chemical field testing, and training in the identification and detection of controlled substances and narcotic proceeds being transported in the U.S. Mail and other commercial carriers. As a U.S. Postal Inspector, I have been involved in numerous narcotics investigations involving the U.S. Mail.

3. This affidavit is made in support of an application for a search warrant for United States Postal Service (USPS) Priority Mail Express parcel EE112960348US. The parcel is addressed to "Tony Whalen, 4166 N Farm Rd 159, Springfield MO 65803", with a return address of "Mary Whalen, 24279 E 7th St, SAN Bernardino CA 92410", and was mailed on August 7, 2018, from San Bernardino, California 92401. Further, this parcel weighs approximately 12 pounds, 8 ounces, is a brown, USPS Ready Post box measuring approximately 20"x14"x10", and bears $96.25 in postage

(hereinafter Subject Parcel). A photograph of the Subject Parcel is included as ATTACHMENT A. The Subject Parcel is currently in my possession, at the Springfield, Missouri, Domicile of the USPIS, in Greene County, Missouri, which is within the Western District of Missouri. Based on my experience and on the facts set forth in this affidavit, I believe the Subject Parcel contains evidence of violations of 21 U.S.C. §§ 841(a)(1) (possession with intent to distribute a controlled substance); 843(b) (unlawful use of a communications facility to facilitate the distribution of a controlled substance); and 846 (conspiracy, including, but not limited to, to distribute controlled substances).

4. Experience and drug trafficking intelligence information gathered by the USPIS have demonstrated that the USPS Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored because of the speed (Express Mail has overnight delivery and Priority Mail has two-day delivery), reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business to business correspondence. Intelligence from prior packages that were found to contain controlled substances or proceeds/payments, has indicated that the labels on those packages are usually from an individual to an individual.

5. Information gathered by the USPIS has also demonstrated that other delivery couriers, such as FedEx and United Parcel Service, are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Information gathered by the USPIS has demonstrated that the services and delivery practices of FedEx and United Parcel Service (UPS) are similar to USPS Express Mail and Priority Mail. Like USPS Express Mail and Priority Mail, FedEx and UPS services are used because of the speed, reliability, free telephone and internet tracking service, as well as the perceived minimal chance of detection. Like the USPS Express Mail and Priority Mail,

FedEx and UPS were originally intended for urgent, business to business correspondence. However, intelligence from prior packages that were found to contain controlled substances or proceeds/payments has indicated that the shipping labels from those packages are also usually from one individual to an another individual.

6. In an effort to combat the flow of controlled substances through the overnight delivery services, interdiction programs have been established in areas throughout the United States by the USPIS. These areas have been identified as known sources of controlled substances. The USPIS conducted analysis of prior packages mailed via overnight delivery services that were found to contain controlled substances or proceeds/payments of controlled substance sales.

7. The analysis of prior packages that were found to contain controlled substances or proceeds/payments, indicated that these labels are usually from one individual to another individual. In the few cases when overnight delivery packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company. Additionally, this analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales.

8. This profile includes the following characteristics: package mailed from or addressed to a narcotic source area, package has a fictitious return address, package addressee name is unknown at the destination address, package sender name is unknown at the return address, package has address information which is handwritten, package is mailed from a Commercial Mail Receiving Agency (CMRA, such as a UPS store or other mailing service), package is addressed to residential areas,

package is addressed from an individual to an individual, packages are wrapped in brown paper and/or heavily taped, and the ZIP Code from where the package was mailed is different than the ZIP Code used in the return address.

9. In my experience, I have found that the characteristics listed in the previous paragraphs are indicative of packages which have been found to contain illegal controlled substances or the proceeds/payments for controlled substances. In my experience, I know that payments are made using cash, gift cards, credit cards, wire transfers, money orders, and through other financial transactions. In my experience, it is not unusual for persons involved in sending illegal drugs through the mail or other commercial carrier services to send other drug-related items like drug use paraphernalia in addition to payment, records, or other drug related communications.

10. On August 8, 2018, I was contacted by Postal Inspector Anthony Jacobs, of the USPIS Los Angeles Division, regarding the Subject Parcel. Postal Inspector Jacobs had identified the Subject Parcel as possibly containing controlled substances and advised it was en route for delivery in my territory (Missouri). I contacted the Griesemer Station Post Office in Springfield, Missouri, and learned the Subject Parcel was already out for delivery. I arranged for Postal Inspector Chris Eby to meet with the mail carrier and retrieve the Subject Parcel for me. He secured the Subject Parcel in my office.

11. I checked the return and delivery addresses through law enforcement and USPS databases and could find no record of the return address. It appears the address listed is not an actual address in San Bernardino, California. I could find no one with the names "Tony" or "Whalen" associated to the delivery address. The package also demonstrated other characteristics consistent with a suspect package including the handwritten information, it being addressed to a residential area, and it was addressed to and from individuals.

12. Later, on August 8, 2018, I met with Springfield, Missouri, Police Department (SPD) Detective Jason Copley and his canine partner Rocky. The Subject Parcel was presented to Rocky, along with several "sterile" boxes. Copley advised Rocky indicated the odor of a controlled substance coming from the Subject Parcel and not the other boxes. Copley advised Rocky is certified on the odors of methamphetamine, cocaine, marijuana, heroin, and ecstasy (MDMA). Rocky and Copley are both certified as a "NPCA Narcotics Detector Dog Team" by the National Police Canine Association, after completing a 6-week, 240-hour course of basic obedience and drug odor recognition. This is an annual certification that was last completed on January 17, 2018. Rocky is trained as a passive indicator canine and indicates the presence of narcotic odors by sitting, staring, laying, standing, and/or pointing at the source of narcotic odor.

13. Based on these facts, I believe there is probable cause to believe that the Subject Parcel contains evidence of violations of 21 U.S.C. §§ 841(a)(1), (possession with intent to distribute a controlled substance); 843(b) (unlawful use of a communications facility to facilitate the distribution of a controlled substance); and 846 (conspiracy, including, but not limited to, to distribute controlled substances), and request a search warrant be issued to search the Subject Parcel and seize the items listed in ATTACHMENT B.

Further your Affiant sayeth not.

Matthew Murrow
United States Postal Inspector

Subscribed and sworn before me this 6th day of September, 2018

David P. Rush
United States Magistrate Judge